UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LAWRENCE D. RILEY** | **CIVIL ACTION NO. 2:12-cv-766** |
| **REG. NO. 13529-045** | |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **JOSEPH YOUNG** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Lawrence D. Riley filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 26, 2012. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institute in Oakdale (FCI-O), Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Factual Background**

Petitioner claims that the BOP unlawfully set a payment schedule forcing him to pay assessment fees and restitution. He states that the BOP does not have authority to set a payment schedule and that only the sentencing court can establish a schedule of payments for restitution. Petitioner contests the BOP's authority to place him in the Inmate Financial Responsibility Program (IFRP) and asks this court to vacate the BOP's decision to place him on IFRP refusal status. Doc. 1, p. 4.

A review of the exhibits filed by petitioner reveals that the sentencing court ordered him to pay a $200.00 felony assessment and $48,579.51 in restitution. The court also ordered that

payment on these obligations commence immediately and that "unless the court has expressly ordered otherwise … if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment." Doc. 1, att. 2, p. 15.

Despite the sentencing court's order petitioner filed an administrative grievance concerning this matter wherein he requested removal from the IFRP without negative consequences. He argues that the court did not "stipulate, order, or recommend restitution payments while [he was] incarcerated." Doc. 1, att. 2, pgs. 1-3. On January 5, 2011, defendant Warden Young denied petitioner's request for administrative remedy. Doc. 1, att. 2, p 5. Petitioner appealed Warden Young's decision and his appeal was denied by the regional director on March 16, 2011. Doc. 1, att. 2, pgs. 11-12. Petitioner's appeal at the national level was likewise denied on August 18, 2011. Doc. 1, att. 2, p. 14.

## Law and Analysis

Petitioner argues that the BOP does not have the authority to force him to pay a certain amount of restitution through the IFRP while incarcerated.

As previously stated, the sentencing court ordered petitioner to pay restitution immediately and that same was due during the period of imprisonment. Because the judgment of the sentencing court orders immediate payment of the monetary obligations, the BOP has the authority to collect it under the IFRP. See *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir.2002) (holding that the sentencing court's order of immediate payment of fine provides BOP with the discretion to place inmate in IFRP). See also *Bloch v. Lake*, 183 Fed. Appx. 471 (5th Cir.2006) (determining that there was no impermissible delegation of Article III power to a non-judicial entity and stating, "[b]ecause the sentencing court set the amount of restitution and ordered that the restitution was due immediately, there was no unconstitutional delegation of

judicial authority"); and, *Schmidt v. U.S. Dept. of Justice*, 34 Fed. Appx. 151 (5th Cir.2002) (because the judgment stated that restitution was to commence when Schmidt was incarcerated and set the amount of restitution but not the method of payment, there was no unconstitutional delegation of judicial authority.)

Moreover, the Fifth Circuit Court of Appeals has found that the IFRP "serves the legitimate penological interest of rehabilitation, and has been upheld against constitutional attack." *Mitchell v. U.S.*, 211 F.3d 125, *1 (5th Cir. 2000)(citing *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); see also *Miller v. James*, 34 Fed. Appx. 151, *1 (5th Cir.2002) (affirming the district court's dismissal of a complaint contending that petitioner's constitutional rights were violated by unjust placement in IFRP because the inmate "failed to demonstrate any constitutional violations").

In the present case, petitioner has failed to show that participation in the IFRP plan is contrary to or inconsistent with the sentencing court's judgment. Further, there has been no unconstitutional delegation of judicial authority. Thus, petitioner's claim cannot stand and he cannot maintain this § 2241 habeas petition since he failed to show a constitutional deprivation.

**Therefore,**

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed

legal conclusions reflected in this Report and Recommendation within fourteen (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

    THUS DONE this 26th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE